UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00283-MOC

| | | |
|---|---|---|
| **DORIAN JEROD MYERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MR. COOPER MORTGAGE, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's pro se Notice of Motion and Motion for Temporary Restraining Order and/or Preliminary Injunction.

In pertinent part, plaintiff asks this Court to "issue a temporary restraining order and enjoin the foreclosure sale of [XXXX][1] Rolling Oak Lane, Charlotte, North Carolina …." Motion (#4) at 1. Plaintiff goes on to state that the foreclosure sale is July 17, 2018. For cause, plaintiff states that he has "been lied to [by the mortgage lender] and taken advantage of financially and I intend to prove it." Id. (error in the original corrected). Essentially, defendant is asking this federal Court to enter an Order restraining a state court from proceeding with a foreclosure sale based on the pendency of this action.[2]

---

1   The Court has redacted the house number to protect the plaintiff's privacy interests.

2   *Pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n. 6 (4th Cir.1994). Review of the Complaint reveals that plaintiff has asserted two claims: (1) "Predatory Deceptive Lending;" and (2) "Wrongful Foreclosure." Complaint (#1) at 3. In the "Nature of the Case," states that he believes defendant's actions "violated federal consumer protection laws." *Id.* at 2. Plaintiff does not, however, cite to the federal statute from which such claims are derived.

-1-

Applications for issuance of a Temporary Restraining Order ("TRO") are governed by Fed. R. Civ. P. 65(b), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. The Court notes that "the issuance of an *ex parte* temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.). In addition, "preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002) (quoting MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001)). In evaluating a request for a TRO, the court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)).

In assessing such factors, a plaintiff must demonstrate that: (1) they are likely to succeed on the merits; (2) they will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). While a balancing test was previously used, issuance of TRO now requires that every

factor be "satisfied as articulated" and courts "must separately consider each *Winter* factor." Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013) (citing The Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009)).

The court has closely read the Complaint (#1) (see footnote 1), and the arguments stated in the instant motion. As to the likelihood of success on the merits, the court finds that plaintiffs' motion fails to make the required showing. It appears that, in essence, plaintiffs ask this court to restrain a North Carolina court from proceeding with a foreclosure hearing later this month based on the pendency of this federal civil action.

First, this Court likely lacks subject matter jurisdiction over this action in its entirety as plaintiff does not appear to have properly invoked this Court's jurisdiction[3] and has likely failed to state a cognizable claim.[4] While much latitude is given to pro se litigants and their pleadings, this Court simply cannot rewrite the Complaint as it cannot be the advocate for either party. While it is possible that plaintiff is attempting to invoke any one of a number of federal consumer protection statutes in the Complaint, the essence of the instant motion is to challenge or stop ongoing proceedings in state court to foreclose on the note and sell the property.

Even if the court were to assume that foreclosure of the property amounts to irreparable harm, plaintiff has failed to demonstrate that he would likely succeed on the merits of his

---

3  Plaintiff has asserted jurisdiction under "42 U.S.C. § 1983," but makes no allegations that defendant acted under color or state law in its lending practices. *Id.* at 1. The Court has also considered whether plaintiff may be asserting a conspiracy between private and state actors to violate federally protected rights. *See* 28 U.S.C. § 1985(3). There are, however, no specific allegations concerning the activities of any state actor.

4  While the court has not conducted a review of the Complaint under the lens of Fed. R. Civ. P. 12(b), the court notes that "foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction." Parker v. Investire, LLC, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016) (citing McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property...suggests the presence of a federal question.")).

Complaint at trial, that the balance of harm weighs in his favor, or that a restraining order would be in the public interest. Thus, every factor cannot be "satisfied as articulated." Pashby, 709 F.3d at 320. TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001).

Plaintiff's request for a TRO fails for an additional reason: federal district courts lack the jurisdiction to directly review the judgments of state courts as that power is reserved to the United States Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's foreclosure proceedings. See Poydras v. One West Bank, Civ. No. 9–11435, 2009 WL 1427396 (E.D.Mich. May 20, 2009) (collecting cases).

Having considered these factors and the record before it in the light most favorable to the *pro se* plaintiff, the Court does not find any basis for granting the extraordinary remedy of a TRO here. The Court therefore enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's *pro se* Notice of Motion and Motion for Temporary Restraining Order and/or Preliminary Injunction (#4) is **DENIED**.

Having resolved the request for injunctive relief, the Clerk of Court is instructed to assign a United States Magistrate Judge as the referral judge in this action.

Signed: July 10, 2018

*[signature]*

Max O. Cogburn Jr
United States District Judge