**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.  3:18-CV-283-MOC-DCK**

| | | |
|---|---|---|
| **DORIAN JEROD MYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **MR. COOPER MORTGAGE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Nationstar Mortgage, LLC D/B/A Mr. Cooper's Motion To Dismiss" (Document No. 7).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I.  BACKGROUND

Plaintiff Dorian Jerod Myers ("Plaintiff" or "Myers"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1) on May 30, 2018.  Plaintiff alleges that Defendant Mr. Cooper Mortgage, LLC ("Defendant") "has been misleading, unfair, has discriminated against me in lending, and I feel violated federal consumer protection laws." (Document No. 1, p. 2).  Plaintiff asserts counts for:  (1) "Predatory Deceptive Lending" and (2) "Wrongful Foreclosure."  (Document No. 1, p. 3).

On July 5, 2018, Plaintiff filed a "Notice Of Motion And Motion For Temporary Restraining Order And/Or Preliminary Injunction" (Document No. 4)  Plaintiff requested that the Court enter a restraining Order preventing a state court from proceeding with a foreclosure sale

based on this action.  Id.  See also (Document No. 5).  The Court denied Plaintiff's motion for a temporary restraining order, noting that:

> this Court likely lacks subject matter jurisdiction over this action in its entirety as plaintiff does not appear to have properly invoked this Court's jurisdiction and has likely failed to state a cognizable claim. While much latitude is given to pro se litigants and their pleadings, this Court simply cannot rewrite the Complaint as it cannot be the advocate for either party.  While it is possible that plaintiff is attempting to invoke any one of a number of federal consumer protection statutes in the Complaint, the essence of the instant motion is to challenge or stop ongoing proceedings in state court to foreclose on the note and sell the property.
> . . .
>
> Plaintiff's request for a TRO fails for an additional reason: federal district courts lack the jurisdiction to directly review the judgments of state courts as that power is reserved to the United States Supreme Court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983);  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's foreclosure proceedings.  See Poydras v. One West Bank, Civ. No. 9–11435, 2009 WL 1427396 (E.D.Mich. May 20, 2009) (collecting cases).

(Document No. 5, pp. 3-4) (footnotes omitted).

"Defendant Nationstar Mortgage, LLC D/B/A Mr. Cooper's Motion To Dismiss" (Document No. 7) was filed on July 16, 2018.  The motion asserts that Plaintiff's Complaint lacks subject matter jurisdiction and fails to state a claim upon which relief may be granted.  (Document No. 7, p. 1) (citing Fed.R.Civ.P. 12(b)(1) and (6)).  In addition, the motion asserts that the "Complaint appears to relate to a loan which Nationstar is currently servicing and Plaintiff is the borrower on the loan." (Document No. 7-1, p. 1).  Defendant contends that "Mr. Cooper Mortgage LLC" is incorrectly named and that Nationstar presumes that Plaintiff intended to name Nationstar Mortgage, LLC d/b/a/ Mr. Cooper.  (Document No. 7-1, p. 1 n. 1).

2

The undersigned issued a "Roseboro Order" (Document No. 8) on July 17, 2018, advising Plaintiff of his right to respond. The Order also advised Plaintiff that "failure to respond may result in Defendant being granted the relief it seeks, that is, the dismissal of the Complaint." (Document No. 8). Plaintiff has failed to answer or otherwise respond to Defendant's Motion To Dismiss, and the time to do has lapsed. See Local Rule 7.1(e).

This matter is now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A

3

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant argues that the Complaint should be dismissed because: "(1) Plaintiff does not allege any basis to invoke this Court's jurisdiction; (2) to the extent Plaintiff challenges the Order Allowing Foreclosure, this Court has no ability to review such an order under the *Rooker-Feldman*

4

doctrine; and (3) Plaintiff fails to allege any cause of action against Nationstar. (Document No. 7-1, p. 3).

Defendant persuasively argues that Plaintiff has failed to raise any direct claim under federal law, particularly as his claims appear to relate to a state court foreclosure action, and thus, he has failed to invoke federal question jurisdiction. (Document No. 7-1, p. 5). Defendant also contends that Plaintiff has failed to show diversity jurisdiction. (Document No. 7-1, pp. 5-6).

Next, Defendant relies on the <u>Rooker-Feldman</u> Doctrine to assert that this Court cannot review a state court order allowing a foreclosure. (Document No. 7-1, pp. 6-7).

> Under the *Rooker-Feldman* doctrine, lower federal courts are prohibited from reviewing state court orders, such as an Order to Allow Foreclosure. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Specifically, the doctrine bars cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). A lower federal court has no subject-matter jurisdiction over such actions. *Allstate Ins. Co. v. W. Virginia State Bar*, 233 F.3d 813, 816 (4th Cir. 2000).

(Document No. 7-1, p. 7).

Finally, Defendant contends that Plaintiff has failed to allege sufficient facts or authority to support his "Deceptive Predatory Lending" claim. (Document No. 7-1, p. 8). Defendant argues that Plaintiff has "not alleged enough facts to demonstrate Nationstar wrongfully accelerated the loan and sought foreclosure," or cited any federal authority for this claim. (Document No. 7-1, p. 9). To the extent Plaintiff is attempting to plead any other claim, Defendant asserts that "he has not clearly set out such a claim showing he is entitled to relief, and therefore, he has not complied with Rule 8(a)(2) of the Federal Rules of Civil Procedure." <u>Id.</u>

5

Based on Defendant's compelling arguments, and the *pro se* Plaintiff's failure to file any response, the undersigned will recommend that the pending motion to dismiss be granted.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Nationstar Mortgage, LLC D/B/A Mr. Cooper's Motion To Dismiss" (Document No. 7) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 23, 2018

David C. Keesler
United States Magistrate Judge

6